### STOCKTON v. MADDOCK.

*(Circuit Court, D. New Jersey. September 22, 1881.)*

1. LETTERS PATENT—WATER-CLOSET—INFRINGEMENT.
    The first claim of letters patent No. 155,814, for an improvement in water-closets, construed not to necessarily include the tube, *m*, as one of the elements of the combination described in it, and *held*, that the combination is patentable and infringed by the defendant.

In Equity.

*James Buchanan*, for complainant.

*Edwin H. Brown*, for defendant.

NIXON, D. J. This suit is for an alleged infringement of the first claim of certain letters patent, No. 155,814, granted to the complainant October 13, 1874, for "improvement in water-closets." Four defences are set up in the answer: *First*, that the complainant was not the original and first inventor of the invention claimed in the letters patent; *second*, prior use of the alleged invention; *third*, want of utility; and, *fourth*, non-infringement. The first claim of the patent, which the defendant is charged with infringing, is as follows:

"(1) In combination with the main-bowl, A, tangential receiving nozzle, B, and connecting opening, *a*, the spreader and showeret, C, formed in one with the bowl, and adapted to confine the water and project it circularly from the aperture, M, as and for the purposes herein specified."

Both parties concede that the claim is for a combination; the expert of the complainant insisting that the combination has four mem-

bers or constituents only, and the expert of the defendant testifying that it has five. This difference arises from the construction which they respectively give to the mechanism or device that fits into the interior of the bowl, adapted to receive and discharge the water from the aperture, and which the patentee calls, in the claim, "the spreader and showeret, C."

The complainant says that the terms "spreader and showeret" refer to one and the same thing; and he does not regard the function of projecting the water radially inward through the hole, *m*, as essential or belonging to the first claim, but only to the second. The defendant, on the other hand, insists that the showeret is the hole, *m*, and is the fifth and indispensable element in the combination; that the inventor nowhere suggests a combination which does not involve the use of the showeret, and that there is no infringement because the showeret was not present in the water-closet bowls manufactured and sold by the defendants.

The question is thus presented whether a proper construction of the first claim necessarily includes the tube, *m*, as one of the elements of the combination therein described.

The determination of such a question is not without difficulty. There is much force in the suggestion of the learned counsel for the defendant that the specifications and drawings of the patent nowhere disclose a hint that the invention was intended to be used without the presence of the showeret hole. But it does not follow from this that the showeret hole was an element in the combination which makes up the first claim. The chief object of the inventor, doubtless, was to produce a more perfect wash of a water-closet basin under a light pressure of water. He may have regarded the wetting down of the paper, by jetting a small stream into the space near the center of the bowl, a valuable auxiliary means to accomplish the result; and, if so, why should he not be permitted to put into a second claim the mechanism which produces these auxiliary means, provided the first claim is patentable without its introduction there? I am inclined to believe that the patent will bear this construction, although I should have been much better satisfied if more care had been taken to make manifest such intention. It is the lack of clearness in this respect that has given rise to the present controversy.

In his specifications the patentee claims to have invented certain improvements relating to water-closet basins. Taking the circular French basin, in common use, he says:

"To avoid the labor of excavating the usual groove part way around the under rim, and to avoid the weakening of the structure thereby occasioned, I hold the water up and cause it to whirl around with proper force by a different construction. I *also* provide means for getting one or more small streams into the space near the center of the bowl, for the purpose of more rapidly wetting down the paper or other material there."

I think there is much force in the word "also," above quoted, as indicating that the inventor had on his mind, not only the combination of the first claim, which in itself produced the more perfect wash, but also an additional contrivance that could be embodied in a second claim as auxiliary and helpful, although not necessary, to the efficiency of the first.

Thus construing the patent, the inquiry at once presents itself, in view of the prior state of the art, is such a combination novel or patentable? Its constituents are old, and the combination does not involve the exercise of much invention. But the fact that the defendant incurs the hazard and expense of a patent suit rather than give up using it, shows that, in his judgment, it is an improvement upon any one of the other basins now in use.

It is always difficult to determine what degree of improvement takes a case out of the mere exercise of mechanical judgment and puts it in the domain of invention or discovery. The general rule upon the subject is that any change in the position of old elements, whereby new and better results are accomplished, is a sufficient exercise of the inventive faculty to warrant the issuing of letters patent. *Bouscay, Jr's., Appeal,* 9 O. G. 743.

After some doubt I think the evidence in this case warrants me in holding that the patentee has succeeded in so combining the old elements that he gets a better wash to a water-closet basin, with a moderate supply of water, than could be obtained by the use of the circular French basin, the oval Jennings basin, or any other basin known to the trade at the date of his patent, and that he is entitled to the protection of the court in the exclusive use of the combination set forth in the first claim.

As the defendant has clearly infringed the same, under the foregoing construction, there must be a decree for the complainant, and a reference and an account.